IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.  Criminal No. **3:19CR20**

**PAULETTE JACKSON,**

Petitioner.

### MEMORANDUM OPINION

Paulette Jackson, a federal prisoner proceeding *pro se*, filed this 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence. ("§ 2255 Motion," ECF No. 62.)[1] The Government has filed a Response. (ECF No. 66.) Because Jackson's claims are procedurally defaulted and barred from review, the § 2255 Motion will be DENIED.

### I. PROCEDURAL HISTORY AND CLAIMS

On February 6, 2019, a grand jury returned a six-count Indictment charging Jackson with four counts of health care fraud (Counts One through Four) and two counts of aggravated identify theft (Counts Five and Six). (ECF No. 5.) On September 16, 2019, Jackson pled guilty to one count of health care fraud (Count One) and one count of aggravated identify theft (Count Five). (ECF No. 34 ¶ 1.) On May 29, 2020, the Court sentenced Jackson to forty-eight months of incarceration. (ECF No. 56, at 2.) Jackson filed no appeal. However, on August 24, 2020, the Court received Jackson's § 2255 Motion. In her § 2255 Motion, Jackson raises the following claims:

> Claim One: "Grand jury indictment wrong. The repayment and amounts are wrong. The effective date[] is July 1, 2014, not 2010 as written in Indictment.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation, and omits symbols and emphasis, in quotations from Jackson's submissions.

|  |  |
|---|---|
|  | Prosecutor stated on May 29, 2020, that the policy was effective July 1, 2014, but never corrected the Indictment in writing or never corrected the repayment amount. This information was suppressed." (ECF No. 62, at 4.) |
| Claim Two: | "Suppressed information not mentioned in court from Medicaid (State of Virginia) update from Virginia Medicaid. The entire previous Medicaid manual is outdated. New manual written by McKesson in August 2019. The old version of the 2014 policy came out of the old previous version of the Medicaid manual. . . ." (*Id.* at 5.) |
| Claim Three: | "Virginia Medicaid trained their investigators with outdated policies knowingly, which insured the investigators were unequipped and harassed providers." (*Id.* at 7.) |
| Claim Four: | "Virginia Medicaid knowingly knew that their policies were at least ten years outdated." (*Id.* at 8.) |

By Memorandum Order entered on February 3, 2023, the Court explained as follows:

Since filing her § 2255 Motion, Jackson has peppered the Court with multiple motions and letters seeking to add new or different claims, submit documents, or otherwise modify her prior submissions. (*See* ECF Nos. 64–65, 68–69, 70–72, 74, 79, 83, 86.) It is not entirely clear in each instance whether Jackson intends to supplement her initial § 2255 Motion and the claims therein with new arguments and allegations, whether she intends to amend her § 2255 Motion to add new claims, or whether she wishes to replace her original § 2255 Motion entirely. The Court will not attempt to read Jackson's mind, nor will it scour almost a dozen different docket entries to attempt to parse out precisely what claims Jackson wishes to raise, or what documents she relies on in support.
    Jackson was required to "specify all the grounds for relief available to [her]" in her initial § 2255 Motion. *See* Rules Governing Section 2255 Proceedings for the District Courts, Rule 2(b)(1). She has clearly failed in this regard. Nevertheless, the Court will afford Jackson an opportunity to submit a conforming § 2255 motion.
    The Clerk is DIRECTED to send Jackson a standardized form for filing a § 2255 motion. Within twenty (20) days of the date of entry hereof, Jackson is DIRECTED to complete, sign, and return this form, in its entirety, including a clear and concise statement of each claim that Jackson wishes the Court to consider, and attaching clean copies (*i.e.*, without her handwritten notations) of each document that Jackson wishes to submit as an exhibit. This new § 2255 motion, and any exhibits attached thereto, will replace and supplant Jackson's current § 2255 Motion, (ECF No. 62), in its entirety. To the extent that Jackson intended to add new claims or otherwise modify her § 2255 Motion in her various filings, (*see* ECF Nos. 64–65, 68–69, 70–72, 74, 79, 83, 86), those requests are DENIED, and the Court will not consider those submissions further.

2

> Jackson is admonished that the Court's consideration of her grounds for § 2255 relief shall be strictly limited to only those grounds and supporting facts concisely set forth on this form and on any attached pages. Jackson may not incorporate other documents by reference, including, but not limited to, the original § 2255 Motion, or any of her various other submissions to Court, as discussed herein. Jackson's new § 2255 motion will stand or fall on its own. The Government is DIRECTED to file a response to any new § 2255 motion filed by Jackson within forty-five (45) days of receipt thereof.
> Should Jackson fail to comply in a timely manner with the Court's Order, the Court will address only those claims raised in Jackson's initial § 2255 Motion and the attached exhibits. (ECF No. 62.) In this instance, no further submission will be required from the Government.

(ECF No. 90, at 1–3.) More than twenty (20) days have elapsed since the entry of the February 3, 2023, Memorandum Order, and Jackson has not submitted the § 2255 form or otherwise contacted the Court. The Court, therefore, will only address the four claims listed in Jackson's § 2255 Motion. (ECF No. 62.)

### III. ANALYSIS

The Government correctly asserts that Jackson's claims are procedurally defaulted and barred from review here. The procedural default rule bars Claims One through Four from review here, absent a showing of cause and prejudice or actual innocence, because Jackson could have raised, but did not raise, these claims on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622–23 (1998); *United States v. Frady*, 456 U.S. 152, 167–68 (1982); *see also Linder v. United States*, 552 F.3d 391, 397 (4th Cir. 2009) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that could have been raised on appeal"). Jackson offers no cause and prejudice for her default of these claims,[2] and she does not otherwise demonstrate that actual

---

[2] Although the Court already explained that it would not consider any filing other than her initial § 2255 Motion if Jackson failed to avail herself of filing a new § 2255 Motion, the Court reviewed her many subsequent filings for any argument of cause for the default and resulting prejudice. At the most, in an attachment to a new, incomplete § 2255 motion form, Jackson states

3

innocence excuses her default. Thus, Jackson's claims are procedurally defaulted and barred from review here. Accordingly, Jackson's claims will be DISMISSED.

### III. CONCLUSION

Jackson's claims will be DISMISSED. The § 2255 Motion, (ECF No. 62), will be DENIED. A certificate of appealability will be DENIED.

An appropriate Order shall issue.

Date: 27 March 2023
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

---

in sum: "I did not file a direct appeal due to: 1. Ineffective counsel 2. COVID." (ECF No. 74–1, at 1.) This statement is too vague and conclusory to meet her burden to excuse the default of her claims.

4